UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LEE ALMANY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos.  1:08-CR-1-CLC-WBC-1 |
| v. ) | 2:07-CR-88-CLC-CHS-1 |
| ) | 2:16-CV-215-CLC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 243].[1] He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition [Doc. 245]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, the petition for collateral relief [Doc. 243] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   **BACKGROUND**

Petitioner was convicted of conspiring to distribute and possessing with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1),

---

[1]   Petitioner's criminal case was previously transferred to the Chattanooga division of the Court and docketed as E.D. Tenn. Case No. 1:08-cr-01. Accordingly, his § 2255 motion should have been filed under that case number instead of the above-captioned, Greeneville division case number. The Clerk's Office is **DIRECTED** to enter copies of the instant memorandum opinion and the accompanying judgment order in both the Chattanooga and Greeneville division CM/ECF dockets.

(b)(1)(A); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 942(c). He was subsequently sentenced to the statutorily-mandated minimum term of imprisonment: 120 months for the drug offense, followed by 60 months for the firearms offense. On June 24, 2016, Petitioner filed the instant petition challenging his sentence in light of *Johnson* [Doc. 243].

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and the identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See*

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

2

Case 2:07-cr-00088-CLC-CHS   Document 143   Filed 11/07/16   Page 2 of 4   PageID #: 258

*United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime, not crime of violence. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled

---

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., an adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). *Johnson* has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

To the extent that Petitioner seeks relief based on the fact that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same, the argument fails because the record demonstrates that he was never subjected to any of those provisions [*See generally* E.D. Tenn. Case No. 2:07-cr-88-CLC-CHS-1; E.D. Tenn. Case No. 1:08-cr-1-CLC-WBC-1].

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 243] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P Rule 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4